IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:04CR432 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | TENTATIVE FINDINGS |
| | ) | |
| LAWRENCE A. PETERSON, | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") and the parties' objections thereto (Filing Nos. 86, 88). See "Order on Sentencing Schedule," ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

The plea agreement includes a provision pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) stating that the Defendant should be held responsible beyond a reasonable doubt for at least 1.5 kilograms but less than 5 kilograms of a substance containing methamphetamine, resulting in base offense level 34. The PSR reflects a higher drug quantity that results in base offense level 38.

The government objects to the quantity of controlled substance attributable to the Defendant in ¶ 44 and the resulting base offense level. The Defendant objects to: the drug quantity and base offense level in ¶ 44 and the balance of the sentencing guideline calculation; the prior convictions described in ¶¶ 64, 65, 67 that lead to the Defendant's status as a career criminal; and the 2 additional criminal history points assessed in ¶ 70 pursuant to U.S.S.G. § 4A1.1(d).

With respect to the parties' objections to ¶ 44, the Court's tentative findings are that,

absent unusual circumstances, the Rule 11(c)(1)(C) plea agreement should be upheld and the base offense level in ¶ 44 should be calculated as level 34 based on at least 1.5 kilograms but less than 5 kilograms of a substance containing methamphetamine. With the dangerous weapon enhancement, the adjusted offense level becomes 36. Credit for acceptance of responsibility results in a total offense level of 33. However, pursuant to U.S.S.G. § 4B1.1, the career offender guideline, the Defendant's total offense level becomes 37, and after credit for acceptance of responsibility his total offense level is calculated finally as level 34. His criminal history category is VI. The resulting sentencing guideline range is 262-327 months.

Turning to the Defendant's objections relating to the Defendant's career criminal status, the Defendant's objection(s) will be heard at sentencing. The objection appears to be to the calculation, including the Defendant's career offender status, rather than to the fact of the prior convictions. Therefore, the Defendant bears the burden by the preponderance of the evidence.

The Defendant did not specifically address his objection to the additional 2 criminal history points assessed under U.S.S.G. § 4A1.1(d) in ¶ 70. Assuming that the Defendant is a career criminal, this objection is moot as pursuant to U.S.S.G. § 4B1.1(b) his criminal history category would be VI. This objection will be addressed at sentencing, and the Defendant bears the burden by a preponderance of the evidence.

IT IS ORDERED:

1. The government's objections (Filing No. 86) to the PSR are granted;

2. The Defendant's objection to ¶ 44 of the PSR (Filing No. 88) is granted, and the Defendant's remaining objections will be heard at sentencing;

2

3. The parties are notified that my tentative findings are that the PSR is correct in all other respects;

4. If **any** party wishes to challenge these tentative findings, the party shall file, as soon as possible but in any event before sentencing, and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5. Absent submission of the information required by paragraph 4 of this order, my tentative findings may become final;

6. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 24th day of May, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge